UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| WANDA CIHA, )<br>               Plaintiff, )<br>  vs. )<br>)<br>CAROLYN W. COLVIN, )<br>ACTING COMMISSIONER OF )<br>SOCIAL SECURITY, )<br>              Defendant. ) | No. 13cv54 EJM<br><br>ORDER |

Plaintiff brings this action seeking judicial review of the Commissioner's denial of her application for disability benefits and of a separate application for supplemental security income, both under the Social Security Act. Briefing concluded December 6, 2013. The court has jurisdiction pursuant to 42 USC §405(g). Reversed and remanded for further consideration.

> [R]eview of the agency decision is limited to whether there is substantial evidence on the record as a whole to support the [Commissioner's] decision…Substantial evidence is less than a preponderance, but enough so that a reasonable mind might find it adequate to support the conclusion.

Robinson v. Sullivan, 956 F2d 836, 838 (8th Cir. 1992).

Plaintiff claims disability due to depression/anxiety, degenerative disk disease, obesity and personality disorder. She claims the ALJ failed to give sufficient, controlling weight to the testimony of the two treating physicians, James LaMorgese, M.D., a pain specialist, and Winthrop Risk II, M.D., a neurologist. Altogether, there were ten testifying physicians. Five were non-treating, non-examining staff medical sources, whose testimony was nonetheless given "significant weight" by the ALJ. (Tr. 18-23). Three others, Drs. Klimek, Mraz and Stientjes, each examined the plaintiff once, were non-treating, testified against the plaintiff, and were given "great weight" by the ALJ. The two

treating physicians, Drs. LaMorgese and Risk, testified for the plaintiff, but their testimony was given "very little weight" by the ALJ. This weighting in *inverse* relationship to whether they treated or even examined plaintiff is not proper.

A treating physician's opinion is entitled to great weight, and even controlling weight, unless the weight of the record is inconsistent with it. Strongson v. Barnhart, 361 F.3d 1066 (8th Cir. 2004). See also 20 C.F.R. 404. Defendant defends the ALJ's weightings because she claims that the two treating physicians' testimonies were (1) inconsistent with their treatment notes, and (2) that their treatment history was "relatively short."

Regarding the inconsistency between the treating physicians' testimony and their treatment notes, the treatment notes were brief and ambiguous, especially on pain levels and the dosages and treatments they refer to, and there is sufficient support both elsewhere in their treatment notes and elsewhere in the record to support the testimony of the treating physicians.

As for length of time of treatment, Drs. LaMorgese and Risk examined and treated plaintiff five times each. This is not too few to come under the "treating physician rule" of Strongson and of 20 C.F.R. 404.1527(d)(2), especially since there were *two* treating physicians, both of whom testified that plaintiff is disabled.

It is therefore

ORDERED

Reversed and remanded for further consideration in accordance with this opinion.

December 20, 2013.

_____
Edward J. McManus, Judge
UNITED STATES DISTRICT COURT

2